**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PHYLLIS R. QUINN,**

               **Plaintiff,**               **3:06-CV-1303**
                                                       **(GLS/RFT)**

       **v.**

**MICHAEL J. ASTRUE,** *Commissioner*
*of Social Security*,

               **Defendant.**
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Irwin M. Portnoy & Associates, PC    IRWIN M. PORTNOY, ESQ.
542 Union Avenue
New Windsor, NY 12550

**FOR THE DEFENDANT:**

Social Security Administration        VERNON NORWOOD
Office of Regional General Counsel  Special Assistant U.S. Attorney
Region II
26 Federal Plaza - Room 3904
New York, NY 10278

**Gary L. Sharpe**
**U.S. District Judge**

# DECISION AND ORDER

## I. Introduction

Plaintiff Phyllis R. Quinn ("Quinn") moves for an award of attorneys'

fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Commissioner opposes the motion on grounds that the fee award sought is excessive. For the reasons that follow, Quinn's motion for attorney's fees is granted in part and denied in part.

## II. Background

On October 14, 2003, Quinn filed an application for social security disability benefits.  Her application was initially denied, and she requested an administrative hearing before an Administrative Law Judge ("ALJ").  On August 10, 2005, ALJ Reana K. Sweeney ("ALJ Sweeney") issued a decision denying Quinn's application for benefits.  This ruling became the final determination of the Commissioner when the Appeals Council denied Quinn's request for review.  Quinn then brought the above captioned action pursuant to 42 U.S.C. § 405(g), seeking review of the Commissioner's determination.  (See Dkt. No. 1.)

In April 2007, after Quinn had filed her district court brief, the Commissioner offered to vacate ALJ Sweeney's decision and remand the action for further proceedings.  (See Dkt. Nos. 12 & 13.)  Quinn rejected the offer upon her insistence that the Commissioner remand the matter to a different ALJ, because ALJ Sweeney had misapplied controlling Circuit

2

caselaw.  (See Dkt. No. 16.)

Subsequently, in July of 2008, the parties stipulated to vacate ALJ Sweeney's decision and remand the action pursuant to sentence four of 42 U.S.C. § 405(g).  (See Dkt. Nos. 28, 29, 30.)  Notably, the Commissioner retained the discretion to decide which ALJ would hear the matter upon remand.  (See Dkt. No. 30.)  Ultimately, the Appeals Council's order instructed that on remand the ALJ should "provide appropriate rationale with specific references to the evidence of record to support her assessment of the claimant's residual functional capacity," and to "incorporate the claimant's mental limitations into the hypothetical questions posed to the vocational expert."  (See Dkt. No. 42:2.)  In August 2008, Quinn timely moved for an award of attorney's fees under the EAJA.  (See Dkt. No. 35.)

### III.  Discussion

**A.    The EAJA**

In pertinent part, the EAJA provides:

> [A] court shall award to a prevailing party ... fees and other expenses, ... incurred by that party in any civil action ..., brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special

3

circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). A party seeking attorney's fees under the EAJA must: 1) establish that she is the prevailing party; 2) show she is eligible to receive an award; 3) set forth the fee award sought; 4) show the rate at which the fee is computed; and 5) allege that the position of the United States was not substantially justified. See § 2412(d)(1)(B).

In the present instance, there is no dispute that the above elements have been met, thus making an EAJA award appropriate. Rather, the parties' disagreement centers on the reasonableness of the EAJA fees Quinn seeks.

**B.    Reasonableness of the Fee Award**

Courts within the Second Circuit apply the "presumptively reasonable fee analysis" in determining the appropriate award of attorney's fees. *Porzig v. Dresdner, Kleinwort, Benson, North America LLC*, 497 F.3d 133, 141 (2d Cir. 2007). This analysis "involves determining the reasonable hourly rate for each attorney and the reasonable number of hours expended, and multiplying the two figures together to obtain the presumptively reasonable fee

4

award." *Id*; *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The applicant has the burden of establishing to the court's satisfaction the reasonableness of the hours expended and rates charged. *See Hensley*, 461 U.S. at 433.

Here, Quinn requests attorney's fees of $20,147.95 for 120.43 hours of work performed by her attorney, Irwin M. Portnoy.[1] It is contended that this fee is reasonable in light of the complex nature of this case and the Commissioner's refusal to submit the case to a different ALJ on remand. The Commissioner responds that a significant reduction in attorney's fees is called for because the hours claimed are grossly excessive, and time spent opposing the government's remand offer gained no appreciable advantage for Quinn.

**1. Reasonableness of the Hours Expended**

Court's have broad discretion in determining whether the amount of time an attorney has expended on a case is reasonable. *See Aston v. Secretary of Health and Human Servs.*, 808 F.2d 9, 11

---

[1] This represents 7.61 hours of work in 2006 at an hourly rate of $163.37, 93.16 hours of work in 2007 at an hourly rate of $166.46, 14.10 hours of work in 2008 at an hourly rate of $172.78, and 5.55 hours of work replying to the Commissioner's opposition to an EAJA fee award at an hourly rate of $173.17.

5

(2d Cir. 1986). Requested fees may be reduced where excessive time is spent on a task, or where billing entries are grouped, imprecise or relate to clerical tasks. *See, e.g., Destefano v. Astrue,* No. 05-CV-3534, 2008 WL 623197, at *3 (E.D.N.Y. Mar. 4, 2008). *Greenidge v. Barnhart*, 6:04-CV-0379, 2005 WL 357318, at *4 (N.D.N.Y. Feb. 11, 2005).

Upon review of the underlying record and time sheets submitted by Quinn here, the court must agree with the Commissioner's contention that the attorney hours expended on this matter were generally excessive and unreasonable. First, Quinn claims more than 70 hours of attorney work prior to the Commissioners offer of remand in April of 2007, of which nearly 63 hours were spent drafting and revising the district court brief. However, the dispositive issues in this case were not so novel or complex as to require such extensive time expenditures. Indeed, the action was ultimately remanded simply because ALJ Sweeney failed to properly support her residual functional capacity determination and did not incorporate Quinn's mental limitations into hypotheticals posed to the vocational expert. (See Dkt. No. 42:2.) These issues

6

are entirely unextraordinary, and do not justify such a drastic departure from the twenty to forty hours most courts have recognized as reasonable for routine social security cases.  *See, e.g., Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008); *Greenidge*, 2005 WL 357318, at *4 n.16; *Cruz v. Apfel*, 48 F. Supp. 2d 226, 231 (E.D.N.Y. 1999); *Grey v. Chater*, No. 95 CIV. 8847, 1997 WL 12806, at *1 (S.D.N.Y. Jan. 14, 1997).

The court additionally finds it inappropriate to award attorney's fees for the nearly 32 hours Quinn spent in 2007 and 2008 opposing the Commissioner's offer of remand.  Where counsel's time is "expended on discrete efforts that achieved no appreciable advantage, and where the claim of the prevailing part[y] rests largely on a result to which the claimant made no contribution, a district court may consider whether special circumstances render an award of attorney's fees less just." *United States v. 27.09 Acres of Land,* 43 F.3d 769, 773 (2d Cir. 1994); s*ee also* 28 U.S.C. § 2412(d)(1)(A).  Further, where a party has "unreasonably protracted the final resolution of the matter," the court has the discretion to reduce the attorney's fees requested.  28 U.S.C. § 2412(C).

Here, Quinn refused to accept the government's offer of remand in April 2007 based on her insistence that the matter be assigned to a different ALJ on rehearing.  However, when the parties finally agreed to a remand more than 14 months later, the Commissioner retained the discretion to select the ALJ.  (See Dkt. Nos. 29, 30.)  While it appears the remanded case will be handled by a different ALJ in any event, this result is due to the action's consolidation with a subsequent application for benefits filed by Quinn's attorney at the administrative level, Edward Stapleton.  (See Pl. EAJA Brief at 9-10; Dkt. No. 35:8.)  As such, Quinn's opposition to the Commissioner's offer of remand before this court achieved nothing more than the delayed disposition of the action.[2]  Under similar circumstances numerous courts have declined to award

---

[2]To the extent Quinn nonetheless contends that opposition to the Commissioner's remand offer was reasonable because ALJ Sweeney's misapplication of controlling circuit law justified remand to a different ALJ, the court finds her argument unpersuasive.  While courts retain discretion to recommend the appointment of a different ALJ on remand, such relief may be mandated only upon a clear showing that the initial ALJ harbors hostility against the plaintiff or will not apply proper legal standards on rehearing.  *See, e.g., Joe v. Apfel*, No. 97-CV-772S(H), 1998 WL 683771, at *5-6 (W.D.N.Y. July 10, 1998) (citing, e.g., *Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996)).  However, Quinn's brief requesting remand to a different ALJ provides no indication that ALJ Sweeney was biased against her or would have failed to properly apply the law on remand.  (See Dkt. No. 16.) As such, Quinn protracted this litigation for more than 14 months and incurred nearly 32 hours in attorney's fees on the off chance that the court would exercise its discretion to merely recommend remand to another ALJ.  The court finds this patently unreasonable.

8

attorney's fees for time spent unreasonably and futilely opposing the Commissioner's offer to remand the case. *See, e.g., McKay v. Barnhart*, 327 F. Supp. 2d 263, 268 (S.D.N.Y. 2004); *Collado v. Apfel*, No. 99 Civ. 4110(DLC), 2000 WL 1277595, at *3 (S.D.N.Y. Sept. 7, 2000).

The above discussion clearly demonstrates the need for a substantial reduction in the hours requested here. As such, the court "need not ... scrutinize[] each action taken or the time spent on it." *Aston v. Sec'y of Health and Human Servs.*, 808 F.2d 9, 12 (2d Cir. 1986). Rather, in light of the excessive time expended drafting the district court brief and futilely opposing the Commissioner's remand offer, the court will simply reduce the attorney hours awarded to 50.78, which is more in line with typical EAJA fee awards. Broken down on a year-by-year basis, the court awards the full 7.61 hours sought for 2006; 32.39 hours for 2007; and 10.78 hours for the preparation of the EAJA fee application in 2008.[3]

---

[3] The court declines to award attorney's fees for the 5.55 hours spent replying to the Commissioner's opposition to a fee award, as the reply was allowed at Quinn's request, but shed no new light on the issues before the court. As such, the fees associated with the reply brief's preparation should be born by Quinn, especially since the hours otherwise incurred in preparing the EAJA fee application border on excessive. *See Greenidge,* 2005 WL 357318, at *5 n.17.

9

### 2. Reasonableness of the Rate Requested

The proper hourly rate under the EAJA is set by statute at $125 with a cost of living adjustment ("COLA") under the Consumer Price Index. *See* 28 U.S.C. § 2412(d)(2)(A); *McKay v. Barnhart*, 327 F. Supp. 2d 263, 270 (S.D.N.Y. 2004). Here, the COLA hourly rates for 2006, 2007 and 2008 are $161.84, $166.46 and $172.78, respectively. (See Dkt. No. 35:4.) Accordingly, multiplying the hours awarded by the corresponding rate for the relevant year, the court grants attorney's fees in the amount of $8,485.81.[4]

### IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Dkt. No. 35.) is granted in part for a total fee award of $8,485.81; and it is further

**ORDERED** that the Clerk of the Court provide copies of this Order to

---

[4] The court further notes that this is not the first time plaintiffs represented by Mr. Portnoy have been subjected to drastic reductions in EAJA fee awards. *See Greenidge*, 2005 WL 357318, at *5 (reducing request for $12,981.10 for 83.41 hours to $7,407.68 for 48.5 hours); *Crudele v. Chater*, No. 92 CIV. 7912, 1997 WL 198076 (S.D.N.Y. Apr. 23, 1997) (reducing request for $16,075.93 for 123.14 hours to $10,390.79 for 76.74 hours); *Gray v. Chater*, No. 95 CIV. 8847, 1997 WL 12806 (S.D.N.Y. Jan. 14, 1997) (reducing request for $8,594.21 for 65.03 hours to $3,969.00 for 30 hours).

the parties by regular mail.

**IT IS SO ORDERED.**

December 15, 2008
Albany, New York

                                                  Gary L. Sharpe
                                                  U.S. District Judge